Harper, J.
That the interest of one partner in the partnership effects, may be taken in execution, or may be the subject of attachment at the suit of a separate creditor of that partner, is not to be questioned, though there is some difference in the cases as to the manner in which that interest shall be made liable. In equity, the interest of a partner in the partnership property, is a share of the surplus that may remain after winding up the affairs of the partnership, and ..paying off all its debts, Taylor v. Fields, 4 Ves. 396; Young v. Keighly, 15 Ves. 357; Moody v. Payne, 2 Johns. Ch. R. 548; White v. Union Insurance Company, 1 Nott & M’Cord, 556. In the case of Schatzill v. Bolton, 2 M’Cord, 478, in which a partnership fund was attached at the suit of the joint creditors of two out of four partners, it was held that the fund was liable to attachment; but a moiety only of the fund, being, 1 suppose, the share which was held at law to be that of the partners as joint owners of the partnership effects, was directed to be paid over to the creditors, and this subject to the equity of the other partners, and the creditors of the firm, and the attaching creditors required to enter into a bond to refund, in case a better claim to the fund paid over should be established.
Then the interest of the defendant Schepler, in the fund now in dispute, is liable to the plaintiff’s attachment.- What is that interest ? Certainly at law, he, as surviving partner, is the owner of the whole fund. There is no other person entitled to receive it or any part of it from the garnishees. Can we go into an investigation of the equities which may exist against it. Can we determine that there are creditors of the firm having a better claim to this fund ? or that, upon a final accounting with the representatives of the deceased partners, the absent defendant may not be found a creditor of the firm, and entitled to retain all.that he has- in his hands; or, indeed, that there has not been a final accounting, as the partnership seems to have been long dissolved? The plaintiffs have a right to have the fund paid over to them, but they can only take it as the absent defendant had it, that is to say, subject to the equities of the other partners, and of creditor^ of the firm. They must therefore, as they have proposed, enter into bond to answer any claim which may be hereafter made on this fund.
The motion is granted. Costs to be paid out of the fund.
JohNson and O’Neatj., Js. concurred.